UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. ROBERTS, et al.,<br><br>    Defendants. | No. 2:14-cv-00728 KJM DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a properly-completed application to proceed in forma pauperis. (ECF No. 5). The court will nevertheless deny plaintiff leave to so proceed. Review of court records reveals that, on at least three prior occasions, lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted. Those actions include the following:

    1. <u>Williams v. California State Prison-Corcoran</u>, No. 1:99-cv-06612-OWW-SMS (E.D. Cal.). On December 15, 1999, findings and recommendations issued, recommending that the action be dismissed due to plaintiff's failure to state a claim upon which relief may be granted. On January 27, 2000, the findings and

1 recommendations were adopted in full.

2. Williams v. Corcoran State Prison, No. 1:01-cv-05926-AWI-HGB (E.D. Cal.). On December 14, 2001, findings and recommendations issued, recommending that the action be dismissed due to plaintiff's failure to state a claim upon which relief may be granted. On January 29, 2002, the findings and recommendations were adopted in full.

3. Williams v. Rendon, 1:01-cv-05891-AWI-SMS (E.D. Cal.). On January 31, 2002, findings and recommendations issued, recommending that the action be dismissed due to plaintiff's failure to state a claim upon which relief may be granted. On March 18, 2002, the portions of the findings and recommendations recommending dismissal for failure to state a claim were adopted by the assigned district judge.

4. Williams v. Wood, No. 1:01-cv-06151-REC-LJO (E.D. Cal.). On January 9, 2002, findings and recommendations issued, recommending that the action be dismissed due to plaintiff's failure to state a claim upon which relief may be granted. On February 28, 2002, the findings and recommendations were adopted in full.

5. Williams v. Andrews, No. 1:01-cv-06222-REC-HGB (E.D. Cal.). On January 25, 2002, findings and recommendations issued, recommending that the action be dismissed due to plaintiff's failure to state a claim upon which relief may be granted. On February 22, 2002, the findings and recommendations were adopted in full.

Based on the dismissals of these prior cases filed by plaintiff, various courts have subsequently applied 28 U.S.C. § 1915(g) to hold that plaintiff may not proceed in forma pauperis. See, e.g., Williams v. Gomez, 536 Fed. Appx. 745, 746 (9th Cir. Aug. 5, 2013) ("The district court properly revoked plaintiff's in forma pauperis status because at least three of plaintiff's prior § 1983 actions had been dismissed for failure to state a claim . . . ."); Williams v. Gonzales, No. 1:03-cv-06770-REC-WMW (E.D. Cal. Sep. 10, 2004). Plaintiff is therefore

precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In her complaint, plaintiff alleges that several of the twenty-two named defendants either threatened to poison her or have been poisoning her. Her complaint provides, in pertinent part: "I am still being poisoned daily through my foods by the defendants. I am in imminent dangers (sic) of irreparable harm, injury and death." (ECF No. 1 at 9.)

Research indicates that, since 2006, plaintiff has filed at least eleven prior cases in this judicial district in which she has alleged that the named defendants are poisoning her: 2:06-cv-01167-GEB-JFM; 1:07-cv-00263-AWI-MWM; 1:07-cv-00298-LJO-SMS; 1:07-cv-00405-OWW-DLB; 1:09-cv-01882-LJO-GSA; 1:10-cv-00952-LJO-DLB; 2:11-cv-00069-MCE-JFM; 2:11-cv-00181-JAM-DAD; 2:11-cv-00426-GEB-EFB; 2:11-cv-0431-JAM-CMK; and 2:12-cv-2155-KJM-AC. The Ninth Circuit has made clear that the "imminent danger" exception under 28 U.S.C. § 1915(g) "applies if the complaint makes a *plausible* allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) (emphasis added). Consequently, in findings and recommendations issued in one of the aforementioned cases, the undersigned noted, "plaintiff has been alleging arsenic poisoning since 2006 and the plausibility of [her][1] claim is belied by the fact that plaintiff remains alive despite alleged arsenic poisoning for more than five years by dozens of prison officials . . . . [T]he imminent danger exception under § 1915(g) is not available to plaintiff in this case in light of the implausibility of [her] allegations regarding the danger posed to [her]." Williams v. Baca, No. 2:11-cv-00181-JAM-DAD (E.D. Cal. Jul. 21, 2011) (ECF No. 6 at 3.)

The only difference between the instant complaint and those filed in plaintiff's prior cases in this court is that plaintiff previously claimed that she was being poisoned with arsenic, while

---

[1] Court records in prior cases indicate that plaintiff is transsexual. See, e.g., Williams v. Brennan, No. 2:12-cv-2155-KJM-AC, 2013 WL 394871 at *1 (E.D. Cal. Jan. 20, 2013) ("Plaintiff alleges . . . that defendants have discriminated against plaintiff, a transsexual, by using the name 'Lonnie Clark Williams, Jr.' rather than '[Ms.] Lonnie Williams.'") Orders in prior cases refer to plaintiff using both male and female pronouns. As plaintiff has signed her complaint as "Ms. Lonnie Williams," the court has used the female pronoun herein.

she now no longer specifies the type of poison that defendants are allegedly employing against her. The difference is immaterial. Plaintiff alleges nothing in her complaint that makes her present claim of poisoning plausible in light of these previous similar claims, or that otherwise suggest that she is in fact under imminent danger of serious physical injury. Accordingly, plaintiff must submit the appropriate filing fee in order to proceed with this action.

Based on the foregoing, IT IS HEREBY ORDERED that

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied.
2. Plaintiff shall submit, within twenty-one days from the date of this order, the $400.00 filing fee. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 5, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
will0728.1915g.ifp